UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


MYCHELLE PICKETT,                        )
                                         )
                    Plaintiff,           )
                                         )
        vs.                              )        06 C 2110
                                         )
LAMBRINI J. CHILTON,                     )
                                         )
                    Defendant.           )


## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Lambrini Chilton

to dismiss the complaint of Mychelle Pickett pursuant to Federal Rule of Civil

Procedure 12(b)(1).  For the reasons set forth below, Chilton's motion is denied.

## BACKGROUND

Pickett, a 22-year-old citizen of Nebraska, alleges that she was injured when a

car driven by Chilton, a citizen of Illinois, collided with hers.  According to her

complaint and an affidavit filed in support of her opposition to the instant motion,[1]

---

[1]In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the
complaint and view any extraneous evidence submitted by the parties to determine
whether subject matter jurisdiction exists.  See United Transp. Union v. Gateway
Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996).

Pickett suffered back and leg pain after the accident, as well as a diminution in the use of one of her wrists for a few months after the accident.

The complaint alleges that Chilton negligently caused the accident, which led to or will lead to lost wages, loss of normal life, disfigurement, and pain and suffering for Pickett, both now and in the future. Though not providing any itemization, the complaint alleges that the cost of Pickett's injuries exceed $75,000. The sole basis invoked for our exercise of jurisdiction is diversity, pursuant to 28 U.S.C. § 1332. There is no dispute that the parties are citizens of different states, but Chilton's motion[2] contends that Pickett's claims do not satisfy the $75,000 amount in controversy requirement of § 1332.

## LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pac. R.R. Co., 794 F.2d 1182, 1188 (7th Cir. 1986). The party asserting that federal jurisdiction is appropriate bears the burden of establishing that its prerequisites are present. See Kontos v. United

---

[2] Pickett responded to Chilton's motion on August 30, 2006. The briefing schedule contemplated that Chilton would file a reply, but to date he has not done so.

States Dep't. of Labor, 826 F.2d 573, 576 (7th Cir. 1987). With these principles in mind, we turn to Chilton's motion.

## DISCUSSION

In support of his contention that the amount in controversy in this case does not exceed $75,000, Chilton points to several facts: (1) on the date of the accident, Pickett spent only two and a half hours in the hospital; (2) her back injury was diagnosed as a either a lumbar or cervical spine strain; (3) two weeks later, a radiograph revealed no obvious fracture or dislocation, ligamentous instability, or other abnormality in her wrist; (4) she received chiropractic treatment on 17 occasions; and (5) her medical expenses totaled $11,525. Based upon these facts, Chilton argues that the amount in controversy cannot exceed $75,000. Pickett has responded with an affidavit stating that the results of her injuries include experiencing back and leg pain, losing her job, leaving her former school, moving from Chicago to live with her parents in Nebraska, and undergoing an overall loss of opportunities in her career and education.

In a diversity action, the court will not dismiss a case because of a jurisdictional amount deficiency unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount. See St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590 (1938). Given the lack of a reply from Chilton disputing the contents of her affidavit, Pickett must only set forth a good-faith,

minimally reasonable belief that her claim could produce a judgment of more than $75,000 to satisfy her burden of establishing subject-matter jurisdiction at the time she filed her complaint. See Neuma, Inc. v. AMP, Inc., 259 F.3d 864, 881 (7th Cir. 2001).

In addition to recovery for medical expenses, Illinois law permits recovery in each of the categories of damages alleged in the complaint. See LaFever v. Kemlite Co., 706 N.E.2d 441, 455 (Ill. 1998) (lost wages); Smith v. City of Evanston, 631 N.E.2d 1269, 1279 (Ill. App. Ct. 1994) (disability or loss of normal life); Holston v. Sisters of Third Order of St. Francis, 650 N.E.2d 985, 997 (Ill. 1995) (disfigurement); Scheibel v. Groeteka, 538 N.E.2d 1236, 1248 (Ill. App. 1989) (pain and suffering). These types of damages are difficult to quantify at the outset of a suit. In addition, Pickett is very young. Some of the damages she has alleged, particularly lost wages and pain and suffering, could yield sizeable amounts. Chilton has offered no basis for us to conclude that Pickett's damage allegations are made in bad faith. Naturally, we do not offer any opinion as to the merits of her claim or an appropriate damage award if she should be able to establish liability. However, whether Pickett will prevail and actually be awarded a judgment in excess of $75,000 is not germane to the question of our jurisdiction. Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc., 60 F.3d 350, 351 (7th Cir. 1995). Accordingly, we conclude that the amount in controversy requirement is satisfied and that our exercise of jurisdiction is appropriate.

## CONCLUSION

Based on the foregoing, Chilton's motion to dismiss Pickett's complaint under

Fed. R. Civ. P. 12(b)(1) is denied.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated:   September 27, 2006